**IN THE UNITED STATE DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DANNY MAPLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: _____** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **OVERNIGHT PARTS** | ) | |
| **ALLIANCE, LLC;** | ) | |
| **LIDERRICK PULLOM;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Danny Maples submits this Complaint stating the following against

Defendants Overnight Parts Alliance, LLC and Liderrick Pullom;

## JURISDICTION AND VENUE

1. Plaintiff Danny Maples (hereafter "Maples" or "Plaintiff") is an adult resident citizen of the State of North Carolina and was the passenger and co-driver of a commercial motor vehicle that was struck by another commercial motor vehicle driven by Defendant Liderrick Pullom and owned and/or operated by Overnight Parts Alliance, LLC.  Plaintiff Danny Maples is an adult resident citizen of the State of North Carolina.

2. Defendant Liderrick Pullom ("Pullom"), is an adult resident citizen of Birmingham, Alabama.  Defendant Pullom was a truck driver, employee,

agent, and/or other representative of Overnight Parts Alliance, LLC, at the time of the incident made the basis of this complaint, and was the driver of the commercial motor vehicle combination that struck the vehicle occupied by Plaintiff.

3.   Defendant Overnight Parts Alliance, LLC, is an Alabama commercial motor carrier bearing Department of Transportation ("DOT") Number 1819922 at the time of the incident made the basis of this complaint.  Defendant Overnight Parts Alliance, LLC, was the owner and/or operator of the commercial motor vehicle driven by Defendant Liderrick Pullom that struck the commercial vehicle occupied by Danny Maples.

4.   The amount in controversy, exclusive of interest and cost, exceeds seventy-five thousand dollars (**$75,000**).

5.   This court has jurisdiction pursuant to 28 U.S.C. § 1332, and venue is proper in the Middle District of Alabama, as a substantial part of the acts alleged occurred in this District.

## **FACTS**

6.   On or about the 16th day of August 2024, at approximately 3:31 a.m. CST, Plaintiff Danny Maples was the passenger in the sleeper berth of a commercial motor vehicle on a public roadway, to wit:   U. S. Highway 231 at its

intersection with Limestone Spring Road in Pike County, Alabama.

7.    At the same time and place, Defendant Pullom, operating on behalf of Overnight Parts Alliance, LLC, a DOT registered commercial motor carrier, negligently and/or wantonly operated a commercial vehicle so as to cause a collision with the vehicle occupied by Plaintiffs.

8.    Defendant Pullom drove the Overnight Parts Alliance, LLC commercial vehicle into the rear of the vehicle combination occupied by Danny Maples in excess of the posted speed limit and without applying the brakes or making any evasive maneuvers whatsoever.

9.    Defendant Overnight Parts Alliance, LLC's commercial tractor bore DOT number 1819922.

10.    As a result of the wreck caused by the Defendants, Plaintiff Danny Maples was injured.

## <u>COUNT ONE</u>
### (Defendant Devin Pullom)

11.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if set forth fully herein and further aver as follows:

12.    On or about the 16th Day of August 2024, Defendant Pullom did wrongfully, negligently, recklessly, and/or wantonly:

      a.  operate the commercial vehicle which caused the wreck;

b.  fail to use the knowledge and skills necessary to operate a commercial motor vehicle safely;

c.  fail to use proper visual search methods as required by the Federal Motor Carrier Safety Regulations;

d.  fail to use proper speed management techniques as required by the Federal Motor Carrier Safety Regulations;

e.  fail to use proper space management techniques as required by the Federal Motor Carrier Safety Regulations;

f.  fail to use proper hazard perception techniques as required by the Federal Motor Carrier Safety Regulations;

g.  fail to yield the right of way to the vehicle driven by Maples;

h.  fail to proceed cautiously into a roadway;

i.  fail to keep a proper lookout;

j.  fail to take reasonable evasive action to avoid causing a wreck;

k.  inspect the Overnight Parts Alliance, LLC commercial vehicle, including the equipment thereon;

l.  violate the Federal Motor Carrier Safety Regulations;

m.  violate Alabama motor vehicle statutes;

n.  violate company policy;

o.  cause and/or contribute to the occurrence made the basis of this lawsuit.

p.  commit other such acts and omissions as will be shown through discovery and proven at the trial of this action.

13.  At the time of the incident made the basis of this lawsuit, Defendant Pullom was acting as the employee, agent, operator, or other representative of Overnight Parts Alliance, LLC, a DOT registered commercial motor carrier.

4

14. Plaintiff alleges that, as a direct and proximate consequence of the aforesaid wrongful, negligent, reckless, and/or wanton conduct of Defendant Pullom, Plaintiff was caused to suffer damages including physical injuries, physical pain, emotional distress and grief, as well as medical and out-of-pocket expenses.

## COUNT TWO
**(Defendant Overnight Parts Alliance, LLC)**

15. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if set forth fully herein and further aver as follows:

16. On or about the 16th of August 2024, and in addition to the acts and omissions of Defendant Pullom, Defendant Overnight Parts Alliance, LLC, committed one or more of the following acts or omissions, and was wrongful, negligent, reckless, and/or wanton when it:

    a. operated a commercial carrier with inadequate safety management controls;

    b. entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

    c. hired and selected the operator of the commercial vehicle which was involved in the collision with the vehicle driven by Maples;

    d. trained the operator of the commercial vehicle which was involved in the collision with the vehicle driven by Maples;

    e. supervised and monitored the operator of the commercial vehicle which was involved in the collision with the vehicle driven by Maples;

f.  used an unskilled, unknowledgeable, unqualified or disqualified driver;

g.  retained the employment of the operator of the commercial vehicle which was involved in the collision with the vehicle driven by Maples;

h.  violated the Federal Motor Carrier Safety Regulations;

i.  violated Alabama motor vehicle statutes;

j.  violated its own company policy;

k.  aided and abetted its employees in the violation of the Federal Motor Carrier Safety Regulations;

l.  aided and abetted its employees in the violation of the Alabama motor vehicle statutes;

m.  conspired with its drivers in order to violate the Federal Motor Carrier Safety Regulations;

n.  conspired with its drivers in order to violate the Alabama motor vehicle statutes;

o.  failed to implement and enforce means to prevent its drivers and equipment from operating unsafely or in violation of applicable laws, regulations and/or rules that a reasonable, prudent motor carrier would have implemented and enforced;

p.  maintained the commercial vehicle, including the equipment thereon, that was involved in the collision with the vehicle driven by Maples;

q.  failed to ensure that the commercial vehicle that that was involved in the collision with the vehicle driven by Maples had the parts and accessories necessary for safe operation;

r.  inspected the commercial vehicle, including the equipment thereon, which was involved in the collision with the vehicle driven by Maples;

s. equipped the commercial vehicle that was involved in the collision with the vehicle driven by Maples;

t. caused and/or contributed to the occurrence made the basis of this lawsuit; and

u. committed other such acts and omissions as will be shown through discovery and proven at the trial of this action.

17. As a direct and proximate consequence of the aforesaid wrongful and negligent conduct of Defendant Pullom, Defendant Overnight Parts Alliance, LLC, Plaintiff was caused to suffer damages including physical injuries, physical pain, emotional distress and grief, as well as medical and out-of-pocket expenses.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants, Liderrick Pullom and Overnight Parts Alliance, LLC, for both compensatory and punitive damages in an amount to which the trier of fact determines he is entitled, plus interest and costs.  Due to the severity of the Defendants' conduct, and the resulting injuries and damages, Plaintiffs expect such fair compensation to be well in excess of the jurisdictional minimum of this Court.

_/s/ H. Cooper Ellenberg_
H. Cooper Ellenberg
_Attorney for Plaintiffs_

OF COUNSEL:

NORRIS INJURY LAWYERS
201 Vulcan Road
Birmingham, Alabama 35209
Telephone: 205-870-8000
hce@getnorris.com

**JURY TRIAL DEMANDED**

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Liderrick Pullom
2445 Osceola Drive
Birmingham, Alabama 35244

Overnight Parts Alliance, LLC
c/o Gatehouse Law LLC, Registered Agent
3108 Blue Lake Drive, Suite 200
Vestavia Hills, Alabama 35243